IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

THEODORE STREATER                 §

VS.                               §          CIVIL ACTION NO.   9:15-CV-68

SHARON ALLEN, ET AL.              §

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Theodore Streater, an inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  On February 18, 2016, plaintiff moved for recusal and disqualification of the magistrate judge under 28 U.S.C. § 144 and § 455.  Plaintiff alleges that, in light of the judge's rulings, the magistrate judge must be biased against him.  Plaintiff also believes one of the defendants has connections in the Lufkin Division that would interfere with plaintiff's ability to prosecute his case.

Title 28 U.S.C. § 455 requires a federal judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  28 U.S.C. § 455(a).  Disqualification is appropriate if a reasonable person, with knowledge of all the circumstances, would question the court's impartiality.  *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998).  In this instance, plaintiff has failed to set forth any facts which would cause an objective observer to question the court's impartiality.  Thus, the motion to disqualify shall be denied.

Title 28 U.S.C. § 144 allows a party to make and file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ."  28 U.S.C. § 144.  In such a case, another judge shall be assigned to hear further proceedings.  *Id.*  If an affidavit filed under §144 is timely and technically correct, the factual allegations must be taken as true and the trial judge may only consider the legal sufficiency of the affidavit.  *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986).  An affidavit is legally sufficient

if: (1) the facts are material and stated with particularity; (2) the facts, if true, would convince a reasonable person that bias exists; and (3) the facts show that the bias is personal in nature. *Id.* at n.9. Absent surrounding comments or accompanying opinion, judicial rulings alone will rarely constitute a valid basis for a motion to recuse or disqualify. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).

Plaintiff's motion to recuse is not legally sufficient. The facts alleged in support of the motion are not material or stated with particularity. Plaintiff argues that bias or prejudice can be inferred from judicial rulings and from allegations that a defendants has unidentified "connections" in the Lufkin Division. However, the surrounding circumstances do not warrant such a conclusion. In this situation, a reasonable person would not be convinced that bias exists. As a result, plaintiff's affidavit is legally insufficient to require recusal of the magistrate judge. It is accordingly

**ORDERED** that plaintiff's motion to disqualify or for recusal of the magistrate judge (document no. 36) is **DENIED**.

SIGNED this 4th day of March, 2016.

Zack Hawthorn
United States Magistrate Judge