IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| THEODORE STREATER | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:15-CV-68 |
| SHARON ALLEN, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Theodore Streater, an inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a second motion for recusal. Plaintiff alleges the magistrate judge is biased because he allegedly authorized plaintiff's transfer to a more restrictive prison unit.

Title 28 U.S.C. § 144 allows a party to make and file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." 28 U.S.C. § 144. In such a case, another judge shall be assigned to hear further proceedings. *Id.* If an affidavit filed under §144 is timely and technically correct, the factual allegations must be taken as true, and the trial judge may only consider the legal sufficiency of the affidavit. *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986). An affidavit is legally sufficient if: (1) the facts are material and stated with particularity; (2) the facts, if true, would convince a reasonable person that bias exists; and (3) the facts show that the bias is personal in nature. *Id.* at n. 9. A party may file only one affidavit in a case. 28 U.S.C. § 144. Absent surrounding comments or accompanying opinion, judicial rulings alone will rarely constitute a valid basis for a motion to recuse or disqualify. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).

The court may not pass on the truth of plaintiff's assertion that the magistrate judge authorized his transfer to another prison unit. *Phillips v. Joint Legislative Committee on Performance &*

*Expenditure Review of State of Miss.*, 637 F.2d 1014, 1019 (5th Cir. 1981). The court may only consider whether the affidavit is legally sufficient. *Id*. In this case, because plaintiff previously filed an affidavit for recusal, he is barred from filing a second one. Therefore, the motion to recuse should be denied. It is accordingly

**ORDERED** that plaintiff's motion for recusal of the magistrate judge (document no. 97) is **DENIED**.

**So ORDERED and SIGNED this 27th day of March, 2017.**

Ron Clark, United States District Judge