IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| THEODORE STREATER | § | |
| VS. | § | CIVIL ACTION NO. 9:15-CV-68 |
| SHARON ALLEN, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Theodore Streater, an inmate previously confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Prisoner Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc, against Sharon Allen, Charles Bell, Sergeant Bunnell, T. Hall, S. Crowley, and Ms. Jones. The defendants are employed at the Eastham Unit.

Plaintiff filed a motion for a temporary restraining order. Plaintiff seeks a restraining order preventing the defendants from retaliating against him and harassing him.

Analysis

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*; 335 F.3d 357, 363 (5th Cir. 2003). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four

elements. *Karaha Bodas Co.*, 335 F.3d at 363; *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 64 (5th Cir. 1990); *Mississippi Power & Light v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985).

Plaintiff complains about being mistreated at the Eastham Unit. However, plaintiff is no longer confined at that facility. Plaintiff's transfer to another prison unit has rendered his claims for injunctive relief moot. *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991). As a result, plaintiff's motion for injunctive relief should be denied. It is accordingly

**ORDERED** that plaintiff's motion for a temporary restraining order (document no. 57) is **DENIED**.

**So ORDERED and SIGNED this 27th day of March, 2017.**

Ron Clark, United States District Judge